BLUE, Judge.
Richard A. Burns raises several issues on appeal, only one of which has merit. He argues the trial court erred when it denied his petition for habeas corpus without considering the applicable rule pertaining to control release violation hearings. We agree and reverse.
Florida Administrative Code Rule 23-22-014 establishes the procedure for a ease-by-case determination of whether appointed counsel is required for a control release violation hearing. In virtually identical language, rule 23-23.011 requires the same determination for the conditional release program.' In its order, the trial court analyzed only the conditional release rule, and properly found it did not apply to the control release program. The court did not, however, consider the companion rule for the control release program.
We do not address the question of whether Burns can establish a right to counsel in his particular case. We reverse and remand only for the court to consider his petition in light of rule 23-22.014 relating to control release.
Affirmed in part, reversed in part, and remanded.
FRANK, C.J., and SCHOONOVER, J., concur.